JS 44 (Rev. 08/18)     CMR     **CIVIL COVER SHEET**     19-cv-476

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THE FORM.)*

19 0476

## I. (a) PLAINTIFFS

THE ESTATE OF RICHARDSON MAPES, by and through its Executrix, JEAN MAPES

**DEFENDANTS**

SUNRISE SENIOR LIVING MANAGEMENT, INC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Virginia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED

**(c)** Attorney's *(Firm Name, Address, and Telephone Number)*

Francis J O'Neill, Esquire
1219 Spruce Street
Philadelphia, PA 19107 215-546-1000

Attorneys *(If Known)*

Kevin C. Cottone, Esquire
White and Williams, LLP
1650 Market Street, Philadelphia, PA 19103  215-864-7108

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) |
| | | | | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 896 Arbitration |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |

(Other Statutes column continued:)
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

28 USC 1332

Brief description of cause

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

FEB - 1 2019




**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Jean Mapes, 8406 Chippewa Road, Philadelphia, PA 19128

Address of Defendant: Sunrise Senior Living Management, Inc. a Delaware limited liability Company with principal place of business located at 4902 Westpark Drive, McLean, Virginia

Place of Accident, Incident or Transaction: Montgomery County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE February 1, 2019    *Kevin Cottone (es)*    72775
_____    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify)* professional liability
- ☐ 7. Products Liability
- ☑ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Kevin C. Cottone, Esquire , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

FEB - 1 2019

DATE February 1, 2019    72775
_____    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19    4764**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Jean Mapes, 8406 Chippewa Road, Philadelphia, PA 19128

Address of Defendant: Sunrise Senior Living Management, Inc. a Delaware limited liability Company with principal place of business located at 4902 Westpark Drive, McLean, Virginia

Place of Accident, Incident or Transaction: _____ Montgomery County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ✔

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE February 1, 2019    _Kevin Cottone (K)_    72775

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify)* professional liability
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kevin C. Cottone, Esquire , counsel of record or pro se plaintiff, do hereby certify

- ✔ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☐ Relief other than monetary damages is sought.

FEB -1 2019

DATE February 1, 2019    _____    72775

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| THE ESTATE OF RICHARDSON MAPES, by and through its Executrix, JEAN MAPES *and Jean Mapes* v. | : : : | CIVIL ACTION |
| SUNRISE SENIOR LIVING MANAGEMENT, INC. | : : : | NO.   **19   476** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   (X)

| February 1, 2019 | /s/ Kevin C. Cottone | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 864 7108 | 215 789 7617 | cottonek@whiteandwilliams.com |
| **Telephone** | **Fax Number** | **E-mail Address** |

FEB -1 2019

11034151v.1

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THE ESTATE OF RICHARDSON          :
MAPES, by and through its Executrix,   :
JEAN MAPES                        :
                                  :      Civil Action
                                  :                        19    4763
          v.                      :      Docket No. _____

SUNRISE SENIOR LIVING
MANAGEMENT, INC.

## NOTICE OF REMOVAL

### TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant, Sunrise Senior Living Management, Inc,. ("Removing Defendant"), files this Notice of Removal of the said case from the Court of Common Pleas, Montgomery County, Pennsylvania, in which it is now pending, to the United States District Court, Eastern District of Pennsylvania.  The grounds for removal are as follows:

1.      Plaintiff commenced this matter with the filing of a Complaint on or about November 14, 2018.  Plaintiff' Complaint named Sunrise of Lafayette Hill, Sunrise Senior Living Management, Inc., and Sunrise Senior Living Services, Inc., as the Defendants.  *A true and correct copy of the Complaint is attached as Exhibit A.*

2.      On or about January 2, 2019, the parties executed and filed a Stipulation of dismissal and to amend caption to reflect Removing Defendant, Sunrise Senior Living Management, Inc., as the proper defendant.  *A true and correct copy of the Stipulation is attached as Exhibit B.*

3.      Service of the Complaint occurred January 2, 2019.

4. The instant notice is timely as it is filed within thirty (30) days of the date of service of the Complaint.

5. Removing Defendant hereby exercises its rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the Court of Common Pleas, Montgomery County, Pennsylvania, in which this case is presently pending.

6. With regard to the amount in controversy, Plaintiff alleges Defendant's negligence allowed Mr. Mapes to fall and suffer a fractured neck and head injury. The Complaint demands in excess of $50,000.00 on its face. Based on the allegations set forth in the Complaint, Defendant believes and therefore avers that the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

7. The present lawsuit is removable from the state court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 and §1441(a) because the controversy in this action is between Plaintiff, who are citizens of the Commonwealth of Pennsylvania and Defendant, a citizen of a foreign states. Diversity is established as follows:

> a. Plaintiff, **Jean Mapes,** resides at 8406 Chippewa Road, Philadelphia, PA and therefore is a citizen of the Commonwealth of Pennsylvania.
>
> b. Defendant, **Sunrise Senior Living Management, Inc.** is incorporated in the State of Virginia with its principal place of business in Virginia. Therefore, Sunrise Senior Living Management, Inc. is a citizen of the State of Virginia.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because this is a civil action arising under diversity of citizenship.

9. Pursuant to the provisions of 28 U.S.C. § 1446(a), Removing Defendant has attached herewith and incorporates by reference, a copy of the Complaint filed in the Court of

Common Pleas of Montgomery County, Pennsylvania, in this action. *(See Exhibit A attached hereto.)*

10.     Removing Defendant will provide immediate notice of the filing of this Notice to Plaintiff as required by 28 U.S.C. § 1446(d).

11.     Removing Defendant will file a certified copy of this Notice with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania, as required by 28 U.S.C. §1446(d).

**WHEREFORE**, as there is diversity of citizenship between the Plaintiff and the Defendant in this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs, Removing Defendant respectfully requests that this action be removed from the Montgomery County Court of Common Pleas to this Court in the United States District Court for the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1332(a)(1) and § 1441(a).

**WHITE AND WILLIAMS LLP**

BY: _____

Kevin C. Cottone, Esquire
Attorney Identification No. 72775
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7108
cottonek@whiteandwilliams.com
Attorney for Defendant, Sunrise Senior
Living Management, Inc.

Date: February 1, 2019

-3-

22094931v.1

## CERTIFICATE OF SERVICE

I, **Kevin Cottone, Esquire,** hereby certify that true and correct copy of the foregoing

*NOTICE OF REMOVAL; DISCLOSURE STATEMENT; CIVIL COVER SHEET; U.S.*

*DISTRICT COURT DESIGNATION FORM; CASE MANAGEMENT TRACK*

*DESIGNATION FORM; NOTICE TO PLAINTIFF; and PROOF OF FILING* was filed with

the Clerk on this date and a true and correct copy have been mailed via United States mail, first

class and postage prepaid, to the following counsel of record:

Francis J. O'Neill, Jr., Esquire
Van Der Veen, O'Neill, Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107

**WHITE AND WILLIAMS, LLP**
Attorney for Defendant, Sunrise Senior Living
Management, Inc.



Kevin Cottone, Esquire
Attorney Identification No. 72775
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

DATED: February 1, 2019

22094931v.1

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE ESTATE OF RICHARDSON | : |
| MAPES, by and through its Executrix, | : |
| JEAN MAPES | : |
| and Jean Mapes | :  Civil Action |
| | : |
| v. | Docket No. _19____ 4784__ |

SUNRISE SENIOR LIVING
MANAGEMENT, INC.

## VERIFICATION

**Kevin Cottone, Esquire,** hereby states that he is the attorney for Defendant, Sunrise Senior

Living Management, Inc., in the within action, and verifies that the statements made in the

foregoing Notice of Removal are true and correct to the best of his knowledge, information and

belief. The undersigned understands that the statements therein are made subject to the penalties

of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

**WHITE AND WILLIAMS, LLP**

Kevin Cottone, Esquire
Attorney Identification No. 72775
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Attorney for Defendant, Sunrise Senior Living
Management, Inc.

DATED: February 1, 2019

-4-

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF RICHARDSON         :
MAPES, by and through its Executrix,  :
JEAN MAPES                        :
and Jean Mapes                    :
                                  :   Civil Action
                                  :
                 v.               :   Docket No. _____

SUNRISE SENIOR LIVING
MANAGEMENT, INC.

### NOTICE TO PLAINTIFF

**TO:**   Francis J. O'Neill, Jr., Esquire
          Van Der Veen, O'Neill, Hartshorn & Levin
          1219 Spruce Street
          Philadelphia, PA 19107

**PLEASE** take notice that Defendant, Sunrise Senior Living Management, Inc., has filed a

Notice in the United States District Court for the Eastern District of Pennsylvania for removal of

an action now pending in the Court of Common Pleas of Montgomery County, Pennsylvania,

captioned as The Estate of Richardson Mapes, by and through its Executrix, Jean Mapes v. Sunrise

Senior Living Management, Inc. No. 2018-26724.

**FURTHER,** take notice that Defendants has, at the same time, filed with the United States

District Court for the Eastern District of Pennsylvania a copy of the Complaint which was

filed and entered in the Court of Common Pleas of Montgomery County.  A copy of said Notice

of Removal is attached to this Notice and is hereby served upon you.

**WHITE AND WILLIAMS LLP**

BY: _____
Kevin C. Cottone, Esquire
Attorney Identification No. 72775
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
Phone: 215.864.7108
cottonek@whiteandwilliams.com
Attorney for Defendant, Sunrise Senior
Living Management, Inc.

Date:  February 1, 2019

# EXHIBIT "A"

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ESTATE OF RICHARDSON MAPES

vs.

SUNRISE OF LAFAYETTE HILL

NO. 2018-26724

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ESTATE OF RICHARDSON MAPES

vs.

SUNRISE OF LAFAYETTE HILL

NO. 2018-26724

### CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: FRANCIS J O'NEILL, Esq., ID: 206714

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**     ☐ Yes     ☒ No

**MDJ Appeal**     ☐ Yes     ☒ No          **Money Damages Requested** ☒

**Commencement of Action:**          **Amount in Controversy:**

Complaint          More than $50,000

## Case Type and Code

Professional Liability:

Medical

**Other:**

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_____ Montgomery _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| THE ESTATE OF RICHARDSON MAPES | SUNRISE OF LAFAYETTE HILL |

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  Francis J. O'Neill, Jr.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☒ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>NOTICE</u>

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

### Rule 205.5.   Cover Sheet

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

      (i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

      (ii)      actions for support, Rules 1910.1 et seq.

      (iii)      actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

      (iv)      actions for divorce or annulment of marriage, Rules 1920.1 et seq.

      (v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

      (vi)      voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at <u>www.pacourts.us</u>.

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY:    Francis J. O'Neill, Jr.
       I.D. No. 206714
       1219 Spruce Street
       Philadelphia, PA 19107
       P: 215-546-1000                    MAJOR JURY
       F: 215-546-8529                    ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| THE ESTATE OF | |
| RICHARDSON MAPES, | : |
| by and through its Executrix, | :   COURT OF COMMON PLEAS |
| JEAN MAPES, | :   MONTGOMERY COUNTY |
| 8406 Chippewa Road | :   CIVIL ACTION |
| Philadelphia, PA 19128 | : |
| | : |
| and | :   No. |
| | : |
| JEAN MAPES, | : |
| 8406 Chippewa Road | : |
| Philadelphia, PA 19128 | : |
| Plaintiff, | : |
| v. | : |
| | : |
| SUNRISE OF LAFAYETTE HILL | : |
| 429 Ridge Pike | : |
| Lafayette Hill, 19444 | : |
| | : |
| and | : |
| | : |
| SUNRISE SENIOR LIVING | : |
| MANAGEMENT, INC. | : |
| c/o CT Corporation System | : |
| 1515 Market Street | : |
| Philadelphia, PA 19102 | : |
| | : |
| and | : |
| | : |
| SUNRISE SENIOR LIVING SERVICES, | : |
| INC. | : |
| c/o CT Corporation System | : |
| 1515 Market Street | : |
| Philadelphia, PA 19102 | : |
| | |
| Defendants. | |

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERENCE SERVICE**
**MONTGOMERY BAR ASSOCIATION**
**100 West Airy Street (REAR)**
**NORRISTOWN, PA 19401**
**(610) 279-9660, EXTENSION 201**

Case# 2018-28724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**
BY:   Francis J. O'Neill, Jr.
   I.D. No. 206714
   1219 Spruce Street
   Philadelphia, PA 19107
   P: 215-546-1000      **MAJOR JURY**
   F: 215-546-8529      **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **THE ESTATE OF** : | |
| **RICHARDSON MAPES,** : | |
| by and through its Executrix, : | |
| **JEAN MAPES,** : | **COURT OF COMMON PLEAS** |
| **8406 Chippewa Road** : | **MONTGOMERY COUNTY** |
| **Philadelphia, PA 19128** : | **CIVIL ACTION** |
| : | |
| **and** : | |
| : | **No.** |
| **JEAN MAPES,** : | |
| **8406 Chippewa Road** : | |
| **Philadelphia, PA 19128** : | |
|        **Plaintiff,** : | |
|    **v.** : | |
| : | |
| **SUNRISE OF LAFAYETTE HILL** : | |
| **429 Ridge Pike** : | |
| **Lafayette Hill, 19444** : | |
| : | |
| **and** : | |
| : | |
| **SUNRISE SENIOR LIVING** : | |
| **MANAGEMENT, INC.** : | |
| **c/o CT Corporation System** : | |
| **1515 Market Street** : | |
| **Philadelphia, PA 19102** : | |
| : | |
| **and** : | |
| : | |
| **SUNRISE SENIOR LIVING SERVICES,** : | |
| **INC.** : | |
| **c/o CT Corporation System** : | |
| **1515 Market Street** : | |
| **Philadelphia, PA 19102** : | |

        **Defendants.**

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, the Estate of Richardson Mapes, by and through its Executrix, Jean Mapes, is an estate raised under the laws of the Commonwealth of Pennsylvania and which has an Administratrix, Jean Mapes, who is an adult individual residing at 8406 Chippewa Road, Philadelphia, PA 19128.

2.      Plaintiff, Jean Mapes, is an adult individual residing at 8406 Chippewa Road, Philadelphia, PA 19128, who at all relevant times was married to Richardson Mapes.

3.      Decedent, Richardson Mapes, was the patriarch of a loving family, who at all relevant times resided with his wife at 8406 Chippewa Road, Philadelphia, PA 19128.

4.      Defendant "Sunrise of Lafayette Hill" is a business, company, partnership entity, fictitious name and/or corporation, with a principle place of business or registered office for the acceptance of service at 429 Ridge Pike, Lafayette Hill, PA 19444.

5.      Defendant Sunrise Senior Living Management, Inc. is a business, company, partnership entity, fictitious name and/or corporation, with a principle place of business or registered office for the acceptance of service at 1515 Market Street, Philadelphia, PA 19102.

6.      Defendant Sunrise Senior Living Services, Inc. is a business, company, partnership entity, fictitious name and/or corporation, with a principle place of business or registered office for the acceptance of service at 1515 Market Street, Philadelphia, PA 19102.

7.      Sunrise of Lafayette Hill, Sunrise Senior Living Management, Inc. and Sunrise Senior Living Services, Inc. (hereinafter referred to collectively as "Sunrise" or

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

"Defendants") collectively or individual owned, operated and/or managed a senior living facility at 429 Ridge Pike, Lafayette Hill, 19444.

8.      At all times relevant to this Complaint, Defendants owned, maintained and exercised control over its employees, agents and/or business subsidiaries, who acted at their direction or with their permission.

9.      At all times relevant to this Complaint, Defendants owned, maintained, derived economic benefit from and/or possessed, individually and through their respective agents, the facility and property at 429 Ridge Pike, Lafayette Hill, PA 19444, Pennsylvania (hereinafter referred to as "Facility" or "Premises").

10.     On September 13, 2017, prior to being admitted into Sunrise's Facility, Decedent checked himself into Chestnut Hill Hospital due to feelings of weakness and fatigue and swelling of his lower extremities.

11.     Decedent was discharged from Chestnut Hill Hospital on September 15, 2017.

12.     On October 3, 2017, Decedent fell at his home on Chippewa Road due to a renal cyst on his left kidney.

13.     From October 3, 2017 to October 13, 2017, Decedent was hospitalized and received treatment for the renal cyst at Temple Hospital and was bedridden, causing him to become weaker.

14.     From October 19, 2017 to October 24, 2017, Decedent was hospitalized at Chestnut Hill Hospital and received additional care related to his renal cyst and weakness.

15.     Sometime after Decedent's discharge from Chestnut Hill Hospital and before his admission into Sunrise's Facility, an employee of Sunrise conducted an evaluation of Richardson Mapes at his home on Chippewa Road.

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

16.     During the at-home evaluation, the Sunrise employee conducted testing, evaluated Mr. Mapes' abilities and conditions, and provided recommendations regarding his admission into the Sunrise facility.

17.     During the at-home evaluation, Decedent and Mrs. Mapes communicated to Sunrise that Decedent had experienced feelings of weakness and fatigue for the past several months, that Decedent recently was hospitalized due to an at-home fall, and that Decedent remained weak and fatigued.

18.     During the at-home evaluation, and on other occasions prior to Decedent being admitted into Sunrise's Facility, Decedent and/or Mrs. Mapes communicated to Sunrise that, due to his feelings of weakness and fatigue and his recent fall, Decedent required constant care to prevent falling and was checking into the Facility temporarily for the purpose of physical rehabilitation and to relieve Mrs. Mapes of the burden of constant care.

19.     During the at-home evaluation, or at some other time prior to Decedent's admission into the Facility, Mr. Mapes' condition of weakness, fatigue and risk of falling became known, or should have become known to Sunrise.

20.     On or about November 5, 2017, Decedent Richardson Mapes was admitted to Sunrise's facility.

21.     While residing in Sunrise's Facility, Decedent Richardson Mapes should have been identified as a "fall risk" due to his fragile physical condition and susceptibility to significant and serious injuries.

22.     On November 6, 2017, while in the care of the Facility for less than one (1) day, Richardson Mapes sustained a serious fall.

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.    At all times material hereto, there was an obligation on the part of Defendants, as owners and/or managers, to supervise, care for and otherwise be responsible for the health and safety of their residents at the Facility, more specifically, Decedent Richardson Mapes.

24.    At all times material hereto, Defendants acted through its agents, servants, workmen, employees and/or representatives; said individuals acting within the course and scope of their employment and/or agency.

25.    At all times material hereto, Defendants owed a duty to supervise, care for and otherwise be responsible for the health and safety of their residents. Specifically, Defendants owed a duty of care to those residents presenting as "fall risks" to ensure protection and reasonable accommodations to prevent injury.

26.    Defendants knew and/or should have known of the said dangerous and unsafe condition which allowed Decedent to fall, and the likelihood that the said dangerous and unsafe condition, would cause injuries to the susceptible Decedent, especially in the absence of adequate safety measures.

27.    Moreover, Defendants knew and/or should have known of the unique risk of harm posed to Decedent by a fall, given Decedent's "fall risk" status and the condition in which Decedent came into the care and custody of the Facility.

28.    On or about November 6, 2017, and for some time prior thereto, Defendants allowed Decedent to be unsupervised, failed to secure Decedent from falling and/or allowed a dangerous and unsafe circumstance to occur, which thereby created an unreasonable hazard to Decedent.

29.    The circumstances under which Decedent was injured were such that said injuries to Decedent could not have occurred absent the negligence and carelessness of

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants and their agents, servants, workmen and/or employees, while said individuals were acting within the course and scope of their employment and/or agency.

30.     The aforesaid injuries resulted solely from the negligence and carelessness of Defendants and their agents, servants, workmen and/or employees and was due in no manner whatsoever to any act or failure to act on the part of Decedent.

**COUNT I**
**THE ESTATE OF RICHARDSON MAPES**
v.
**ALL DEFENDANTS**

31.     Plaintiff, the Estate of Richardson Mapes, by and through its Executrix, Jean Mapes, incorporates herein by reference Paragraphs 1 through 30 inclusive, as though same were set forth at length.

32.     The negligence and carelessness of Defendants consisted of the following:

(a)     Misunderstanding the conditions and abilities of Decedent Richardson Mapes prior to his admission into the Facility;

(b)     negligently preparing for the residency, specifically the safety and health of its resident, Decedent Richardson Mapes;

(c)     negligently caring for the safety and health of their resident, Decedent Richardson Mapes;

(d)     failing to take proper and appropriate fall risk precaution for Decedent Richardson Mapes;

(e)     failing to properly orient Decedent Richardson Mapes to the Facility;

(f)     permitting inexperienced and incompetent person(s) to be employed as a health care provider, specifically individuals charged with the care, supervision and protection of Decedent;

(g)     failing to act with due care and regard for the health and safety of Decedent while in the care and custody of the Facility;

(h)     failing to properly train and supervise their agents, employees, medical providers and/or staff on the procedures and policies regarding "fall risk" residents;

(i)     failing to properly manage and supervise their agents, employees, medical providers and/or staff at the Facility to ensure compliance with procedure and policies;

(j)     failing to control the acts and conduct of their agents, employees, medical providers and/or staff and instead

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

acquiescing in their agents, employees, medical providers and/or staff negligence and carelessness by failing to supervise the fall risk resident;

(k)    establishing, promoting, or endorsing a policy or procedure by which a weak and frail resident can be unsecured and unsupervised while in the care and custody of Defendants;

(l)    failing to establish, promote or otherwise endorse a policy or procedure by which their employees, agents, workman or representatives care for fall risk residents, specifically Decedent;

(m)    failing to provide adequate and reasonable safety measures to protect susceptible residents from falls, such as Decedent;

(n)    failing to recognize the weak and frail state of Decedent's health as to understand the unique hazard posed;

(o)    failing to regard the rights, safety and health of Decedent prior to the fall;

(p)    failing to establish, promote or otherwise endorse a policy or procedure which would have protected Decedent, who Defendants knew or should have known was in a weak and unstable condition, from falling;

(q)    failing to adequately monitor Decedent under the care and custody of Defendants;

(r)    allowing a dangerous condition to exist which may have caused the Decedent to fall; and,

(s)    violations of standard medical procedures and policies applicable to all health care workers and providers.

33.    As the direct and proximate result of this fall, Decedent sustained severe and debilitating personal injuries including, but not limited to, a neck fracture and head injury, which proved to be of a permanent nature and character, and which caused Decedent to suffer until his death.

34.    As a further result of this fall, Decedent was obligated to receive and undergo medical attention and care for his injuries and to incur various expenses for said care.

35.    As a direct result of the fall, Decedent incurred other financial expenses or losses to which he may have been otherwise entitled to recover.

36.     As a further result of the fall, Decedent suffered severe physical pain, aches, mental anguish and humiliation, inconveniences and a loss of life's pleasures and he continued to suffer the same until his death.

37.     The negligence and/or carelessness of the Defendants and/or their agents, servants, workmen, employees, representatives, managers and/or independent contractors which occurred within the course and scope of employment and/or agency with Defendants is imputed to Defendants and therefore Defendants are liable for the same.

**WHEREFORE,** Plaintiff, the Estate of Richardson Mapes, by and through its Executrix, Jean Mapes, demands damages of Defendants in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT II
### JEAN MAPES
### v.
### ALL DEFENDANTS

36.     Plaintiff Jean Mapes incorporates herein by reference the preceding paragraphs as though the same were set forth herein at length.

37.     At all times relevant hereto, Plaintiffs Jean Mapes and Decedent Richardson Mapes, were lawfully married.

38.     As a result of the negligence and carelessness of Defendants, Plaintiff Jean Mapes suffered the loss of the services, support and consortium of her spouse, Richardson Mapes.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

BY:  _____
     Francis J. O'Neill, Jr.
     Attorney for Plaintiff

Date: November 12, 2018

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case#: 2018-25724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF MERIT

I, Francis J. O'Neill, Jr., designated counsel for Plaintiff, hereby certify that: an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by Defendants in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm and such allegations against the license professional for whom this Defendant is responsible deviated from an acceptable professional standard.

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

BY: _____
Francis J. O'Neill, Jr.
Attorney for Plaintiff

Date: November 12, 2018

Case# 2018-26724-0 Docketed at Montgomery County Prothonotary on 11/12/2018 12:41 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# VERIFICATION

I, _____Jean Mapes_____, verify that I am the Plaintiff herein

and that the facts set forth in the foregoing Complaint are true and correct to the best of my

knowledge, information, and belief.

       I further understand that this statement is subject to the penalties of 18 Pa.C.S.

Section 4904 relating to unsworn falsification to authorities.

Signed: _____Jean E. Mapes_____      Dated: __10/30/18__

# EXHIBIT "B"

Case# 2018-26724-5 Docketed at Montgomery County Prothonotary on 01/02/2019 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHITE AND WILLIAMS LLP**
BY:   Kevin C. Cottone
       · Identification No(s). 72775
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
215.864.7108 and 215.864.6231
cottonek@whiteandwilliams.com

Attorney for Defendants, Sunrise of
Lafayette Hill, Sunrise Senior Living
Management, Inc. and Sunrise Senior
Living Services, Inc.

---

THE ESTATE OF RICHARDSON MAPES, by and
through its Executrix, JEAN MAPES

                                        Plaintiff,

                    v.

SUNRISE OF LAFAYETTE HILL, SUNRISE
SENIOR LIVING MANAGEMENT, INC. and
SUNRISE SENIOR LIVING SERVICES, INC.

                                        Defendants.

MONTGOMERY COUNTY
COURT OF COMMON PLEAS

NO. 2018-26724

---

## STIPULATION OF DISMISSAL AND TO AMEND CAPTION

AND NOW, this 2 day of ⎽⎽⎽January⎽⎽⎽, 2019, the parties, by and through their

respective counsel, hereby STIPULATE and AGREE as follows:

1.    Plaintiff commenced this professional liability matter in the Montgomery County,

Court of Common Pleas, with the filing of a Complaint naming Sunrise of Lafayette Hill;

Sunrise Senior Living Management, Inc.; and Sunrise Senior Living Services, Inc. as the named

defendants.

2.    In general, plaintiff's Complaint asserts that on or about November 6, 2017, the

decedent, Richardson Mapes, fell and was injured while admitted to the personal care home

known as Sunrise of Lafayette Hill, allegedly due to the professional negligence of its providers.

3.    At all times material hereto, defendant, Sunrise Senior Living Management, Inc.,

managed, operated and controlled the community known as Sunrise of Lafayette Hill.

22030625v.1

Case# 2018-26724-5 Docketed at Montgomery County Prothonotary on 01/02/2019 10:14 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.     Defendants, Sunrise of Lafayette Hill and Sunrise Senior Living Services, Inc. are DISMISSED without prejudice.

5.     The parties hereby STIPULATE and AGREE that the caption is amended as follows:

| | |
|---|---|
| **THE ESTATE OF RICHARDSON MAPES**, by and through its Executrix, JEAN MAPES | MONTGOMERY COUNTY COURT OF COMMON PLEAS |
| Plaintiff, | |
| v. | NO. 2018-26724 |
| SUNRISE SENIOR LIVING MANAGEMENT, INC. | |
| Defendant. | |

**VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN**

BY: _____
   Francis J. O'Neill, Jr., Esquire
   *Attorney for Plaintiff, Jean Mapes*

**WHITE AND WILLIAMS LLP**

BY: _____
   Kevin C. Cottone, Esquire
   *Attorney for Defendant, Sunrise Senior Living Management, Inc.*

22030625v.1

-2-